22144

In The Matter of The Arbitration Between HARPER BUILDERS, INC., Petitioner-Appellant, and Joe EDENS, Jr., Individually and as General Partner and/or Managing Agent on behalf of the general partnerships hereinafter set forth and the remaining partners is such partnerships individually, B.E.T. Investments and its partners: Robert A. Burgess, Joe Edens, Jr., and Marvin Trapp, T.N. Partnership and its partners: Vernon

B. Strickland and Edgar M. Phelps, J and E Investments and its partners: T. Cooper James and Joe Edens, Jr., Snellville-Lawrenceville Associates and its partners: Joe Edens, Jr., Everett Smith, and Everett Smith, Jr., Respondents-Respondents. B.E.T. INVESTMENTS and its general partners: Robert A. Burgess, Joe Edens, Jr., and Marvin Trapp, T.N., a Partnership and its partners: Vernon Strickland and Edgar M. Phelps, J and E Investments and its partners: T. Cooper James and Joe Edens, Jr., Snellville-Lawrenceville Associates and its partners: Joe Edens, Jr., Everett Smith, and Everett Smith, Jr., Plaintiffs-Respondents, v. HARPER BUILDERS, INC., Defendant-Appellant.

(318 S. E. (2d) 363)

Supreme Court

*Edmund H. Monteith,* Columbia and *Morris D. Rosen,* Charleston, *for respondents-respondents.*

*David L. Freeman* and *D. Allen Grumbine,* of *Wyche, Burgess, Freeman & Parham,* Greenville, *for petitioner-appellant.*

July 25, 1984.

LITTLEJOHN, Chief Justice:

From 1972 to 1979, Harper Builders, Inc., Appellant, (Harper) constructed twenty-three "strip" shopping centers for a group of partnerships, Respondents (Owners). The parties contracted to submit any and all claims, disputes, and other matters concerning their contract or a breach of contract to arbitration under the Construction Industry Arbitration Rules of the American Arbitration Association. In late 1979, disputes arose over balances due under eleven of the contracts and Harper demanded arbitration. The Arbitrators decided in favor of Harper. The award was contested in the Circuit Court which vacated the decision of the Arbitrators. Harper appealed. We affirm.

In his demand for arbitration, Harper claimed that the Owners owed them $465,567.07 plus interest. The Owners denied Harper's claim and counterclaimed for $1,070,483.85 plus interest and, later, an additional $505,091.90. The American Arbitration Association set venue in Greenville, South Carolina. The parties agreed that the award date would be no later than June 15, 1981.

Arbitration proceedings began September 2, 1980. Prior to this and thereafter, the Owners moved for a continuance because of the hospitalization and illness of Joe Edens, Jr., a general partner in three of the partnerships involved in the construction and an essential party to the proceedings. The motion was denied. This first set of hearings lasted nine days.

In an endeavor to protect the Owners' position, because Edens was such an important party and witness, the Arbitrators allowed the Owners either to reserve completely their cross examination or to ask some questions and reserve the right for further cross examination when Edens was present. Also, tapes of each day's transcripts were furnished daily to Edens at his home in Columbia by Federal Express.

To allow Edens to recover fully from his illness, the Arbitrators recessed the hearings on September 12, 1980, and did not reconvene them until November 24, 1980. The hearings continued for three days in each of the months of November, December, and January. The Owners were able to review the entire transcript of Harper's case presented in September, to present the remainder of their case, and to cross-examine Harper's witnesses.

Harper presented its reply testimony in January. At the close of these hearings, both parties stated that they had no further evidence to introduce. The Owners were allowed five weeks to file a written response to the reply. They did file such a response.

On June 1, 1981, the Arbitrators unanimously granted Harper $460,701.28 plus interest at 16.5 percent and 87.2 percent of the arbitration costs. The Owners, on July 13, 1981, petitioned the Circuit Court to set aside, vacate, or modify the award. Harper sought confirmation of its award and denied the Owners' allegations.

The parties argued the consolidated requests on October 14, 1981. No further testimony was taken by the court and none requested by the parties. The trial judge ordered that the arbitration award be vacated and rendered void for two reasons:

(1) the misconduct of the Arbitrators in refusing to postpone the hearings because of Eden's illness in September; and

(2) the failure of the Arbitrators to render a final and definite award by not deciding three questions.

The trial judge also found that the interest rate was excessive and applied ten months too early. This appeal followed.

We agree that the interest rate of 16.5 percent is excessive and improperly applied retroactively and that the refusal of the Arbitrators to postpone the hearings was not proper. We base our affirmance, however, on the more serious ground that the Arbitrators failed to render a final and definite award.

A court may vacate an award under 9 U.S.C. § 10(d) "[w]here the Arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made." The trial judge correctly stated, "This Court cannot vacate an award merely because the Arbitrators failed to decide each specific point of fact. Rather, the proper standard for vacating an award on this ground is whether the failure to decide an issue causes the award to lack mutuality, finality, and definiteness."

The trial judge found that the Arbitrators did not make a finding on three questions that were at issue:

(1) whether Harper unreasonably delayed starting construction following the signing of the contracts;

(2) whether Harper was responsible for design as well as construction inadequacies; and

(3) whether the "cost savings" contract provisions referred to savings on costs of an entire project or costs of each phase of work assigned a dollar amount.

We agree with the trial judge in his holding that a "resolution of these issues could effect materially the amount of the award, and the failure of the arbitrators to resolve these questions caused the award to lack finality and definiteness. Therefore, the Court vacated the award upon the ground stated in 9 U.S.C.A. Section 10(d) (1970)."

We find no error in that portion of the trial judge's order. The burden is on Harper to show that the trial judge erred. Harper has failed to meet the burden of proof. We affirm the order of the trial judge on the second ground.

In his order, the trial judge held: "Any party to this action may bring any common law actions arising out of the construction contracts at issue in this action." Inasmuch as neither party appealed that determination, it has become the law of the case and, accordingly, statute of limitations is not an issue and either party may commence an

action in the Circuit Court within a reasonable period of time.

Affirmed.

NESS, GREGORY and HARWELL, JJ., and RANDALL T. BELL, as Acting Associate Justice, concur.